IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| REMOTE ICU LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. _____ |
| HSA PORT ARTHUR, LLC, | § § § | |
| *Defendant*. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Remote ICU LLC ("Plaintiff") files this Original Complaint against Defendant HSA Port Arthur, LLC ("Defendant") and, in support hereof, respectfully states the following:

**I.
NATURE OF THE ACTION**

1. This is an action for breach of contract and quantum meruit arising from Defendant's failure to timely pay for remote intensive care physician services that Plaintiff provided pursuant to a written agreement.

2. Plaintiff has continuously performed under the parties' agreement and has provided uninterrupted ICU physician coverage to Defendant's affiliated hospital facilities in Port Arthur, Texas and West Monroe, Louisiana.

3. Despite repeated written and oral notice, Defendant failed to remit payment for services rendered, resulting in an outstanding delinquency of not less than $226,250 as of January 14, 2026.

4. Plaintiff brings this action to recover past-due amounts only (including amounts that become past due during the pendency of this case), together with attorneys' fees and costs.

## II.
## PARTIES

5. Plaintiff is a Delaware limited liability company.

6. Defendant is a Texas limited liability company. It may be served with process through its registered agent, Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## II.
## JURISDICTION AND VENUE

7. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(2) because the parties are citizens of different U.S. states and countries, and the amount in controversy exceeds $75,000, excluding interest and costs.

8. Plaintiff is a Delaware limited liability company whose sole member is Global ICU LTD, an Israeli corporation with its principal place of business in Israel. As such, it is a citizen of Israel for diversity purposes.

9. Defendant is a Texas limited liability company. Upon information and belief, none of Defendant's members are citizens or subjects of a foreign state.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(1)&(2) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III.
## FACTUAL BACKGROUND

11. Plaintiff is a physician group providing remote, board-certified intensivist physician services to hospitals pursuant to contractual arrangements.

12. Defendant owns and operates, directly or through affiliated entities, hospital facilities in Port Arthur, Texas and West Monroe, Louisiana including (i) The Medical Center of Southeast Texas and (ii) Glenwood Regional Medical Center.

**The Agreement**

13. On or about December 16, 2024, Plaintiff and Defendant entered into a written Physician Services Agreement (the "Agreement").

14. Under the Agreement, Plaintiff agreed to provide nightly remote intensive care physician services covering up to 34 ICU beds across Defendant's affiliated facilities.

15. Defendant agreed to pay a monthly fee of $70,833, due within thirty (30) days of invoicing.

16. The monthly fee was allocated proportionally between Defendant's facilities based on ICU bed count: (i) Glenwood Regional Medical Center—$45,833.04; and (ii) The Medical Center of Southeast Texas—$24,999.96.

17. Plaintiff performed all services required under the Agreement.

**Defendant's Failure to Pay**

18. Beginning in early 2025, Defendant failed to timely remit payment for services rendered.

19. As of January 14, 2026, Defendant's total delinquency was $226,250, consisting of (i) $137,499 attributable to Glenwood Regional Medical Center; and (ii) $88,751 attributable to The Medical Center of Southeast Texas.

20. A detailed summary of invoicing, payments, and outstanding balances is attached as Exhibit A.

**Notice of Nonpayment**

21. Plaintiff repeatedly notified Defendant and Defendant's affiliated facilities of the outstanding delinquency.

22. Written notice was provided by email on multiple occasions between March 26, 2025 and January 6, 2026, through parallel communications directed to the financial leadership and accounts

payable personnel of both The Medical Center of Southeast Texas and Glenwood Regional Medical Center, as well as to Defendant's corporate officer. Such communications expressly identified the outstanding delinquency and requested payment.

23. Plaintiff also engaged in multiple telephone calls with Defendant's hospital finance leadership regarding nonpayment and outstanding balances, including calls in July, September, and October 2025.

24. At no time did Defendant dispute the accuracy of Plaintiff's invoices or assert that services were not performed.

*Continued Performance*

25. Plaintiff has not terminated the Agreement and continues to provide services in accordance with its terms.

26. Defendant continues to accept and benefit from Plaintiff's services while failing to remit payment as required.

## IV.
## CAUSES OF ACTION

### COUNT 1 – BREACH OF CONTRACT

27. Plaintiff expressly incorporates by reference the allegations set forth in the preceding paragraphs as if full restated herein.

28. The Agreement constitutes a valid and enforceable contract.

29. Plaintiff performed all obligations required of it.

30. Defendant breached the Agreement by failing to pay amounts due.

31. Plaintiff has suffered damages in an amount not less than $226,250, with such amounts continuing to increase as additional invoices become due and Defendant fails to pay.

### COUNT 2 – QUANTUM MERUIT

32. Plaintiff expressly incorporates by reference the allegations set forth in the preceding paragraphs as if full restated herein.

33. Count 2 is asserted in the alternative to Count 1.

34. Plaintiff provided valuable services to Defendant.

35. Defendant knowingly accepted and benefited from those services.

36. Defendant failed to pay reasonable compensation despite having reasonable notice that Plaintiff expected compensation.

37. Plaintiff seeks recovery of the reasonable value of services rendered.

## V.
## ATTORNEYS' FEES

38. Plaintiff expressly incorporates by reference the allegations set forth in the preceding paragraphs as if full restated herein.

39. Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code chapter 38.  As a result of Defendant's conduct, Plaintiff retained the services of Kane Russell Coleman Logan PC ("KRCL") to enforce its rights and to protect its legal interests.  Plaintiff has agreed to pay KRCL reasonable and necessary attorney fees in connection with this matter.

## VI.
## CONDITIONS PRECEDENT

40. All conditions precedent to Plaintiff bringing this lawsuit against Defendant have been performed or have occurred.

## VII.
## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff respectfully prays and requests that Defendant be cited to answer this Complaint and that, upon final trial or hearing hereof, the Court grant Plaintiff judgment against Defendant for:

1. Actual damages in an amount to be proven at trial;

2. Costs of court;

3. Pre-judgment and post-judgment interest as permitted by law;

4. Reasonable and necessary attorneys' fees incurred by Plaintiff through the trial and all appeals of this cause; and

5. Such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By /s/ *Brian W. Clark*
Brian W. Clark
*Attorney-in-Charge*
Texas State Bar No. 24032075
S.D. Tex. Bar No. 558245
bclark@krcl.com

901 Main St.
Suite 5200
Dallas, Texas  75202
Telephone:  214.777.4200
Telecopy:  214.777.4299

**ATTORNEYS FOR PLAINTIFF**