# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REMOTE ICU, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action 4:26-cv-00432 |
| | § | |
| HSA PORT ARTHUR, LLC, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF ELI MAGID[1]

1. My name is Eli Magid. I am a resident of the State of Israel. I am over 21 years of age, have never been convicted of a felony or crime of moral turpitude, am under no civil disabilities, and am in all respects competent to make this Declaration. Each of the statements made in this Declaration are made from my personal knowledge and/or my review of company records and are true and correct.

2. I am the Chief Operating Officer of Plaintiff Remote ICU, LLC ("Plaintiff"). I am authorized to make this Declaration on behalf of Plaintiff. In my position, I have access to books and records kept in the ordinary course of business for Plaintiff. I have personally been involved in the dealings between Plaintiff and Defendant HSA Port Arthur, LLC ("Defendant").

3. Plaintiff is a physician group providing remote, board-certified intensivist physician services to hospitals pursuant to contractual arrangements.

4. Defendant owns and operates, directly or through affiliated entities, hospital facilities in Port Arthur, Texas and West Monroe, Louisiana including (i) The Medical Center of Southeast Texas and (ii) Glenwood Regional Medical Center.

5. On or about December 16, 2024, Plaintiff and Defendant entered into a written Physician Services Agreement (the "Agreement").

---

[1] This declaration is made pursuant to 28 U.S. Code § 1746.

6. Under the Agreement, Plaintiff agreed to provide nightly remote intensive care physician services covering up to 34 ICU beds across Defendant's affiliated facilities.

7. Defendant agreed to pay a monthly fee of $70,833, due within thirty (30) days of invoicing. As of January 1, 2026, the monthly fee increased to $74,0402 under the Agreement.

8. The monthly fee was allocated proportionally between Defendant's facilities based on ICU bed count: (i) Glenwood Regional Medical Center—$45,833.04 (or $47,910 starting on January 1, 2026); and (ii) The Medical Center of Southeast Texas—$24,999.96 (or $26,133 starting on January 1, 2026).

9. Plaintiff performed all services required under the Agreement.

10. Beginning in early 2025, Defendant failed to timely remit payment for services rendered.

11. As of March 2, 2026, Defendant's total delinquency is $324,045.00. A detailed summary of invoicing, payments, and outstanding balances is attached hereto as Exhibit A-1.

12. Plaintiff repeatedly notified Defendant and Defendant's affiliated facilities of the outstanding delinquency.

13. Written notice was provided by email on multiple occasions between March 26, 2025 and January 6, 2026, through parallel communications directed to the financial leadership and accounts payable personnel of both The Medical Center of Southeast Texas and Glenwood Regional Medical Center, as well as to Defendant's corporate officer. Such communications expressly identified the outstanding delinquency and requested payment.

14. Plaintiff also engaged in multiple telephone calls with Defendant's hospital finance leadership regarding nonpayment and outstanding balances, including calls in July, September, and October 2025.

15. At no time did Defendant dispute the accuracy of Plaintiff's invoices or assert that services were not performed.

16. Plaintiff has not terminated the Agreement and continues to provide services in accordance with its terms.

17. Defendant continues to accept and benefit from Plaintiff's services while failing to remit payment as required.

18. The record referenced as Exhibit A-1 was kept by Plaintiff in the regular course of business, and it was the regular course of business of Plaintiff for an employee or representative of Plaintiff with knowledge of the act, event, condition, opinion, or diagnosis recorded, to make this record or to transmit information thereof to be included in this record. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded. The records attached to this declaration are the originals or exact duplicates of the originals

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of March, 2026.

*[signature: Eli Magid]*
_____
ELI MAGID