United States District Court
Southern District of Texas
**ENTERED**
March 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REMOTE ICU, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-432 |
| | § | |
| HSA PORT ARTHUR, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On January 20, 2026, Remote ICU, LLC sued HSA Port Arthur, LLC because Port Arthur failed to pay for nightly remote intensive care physician services that Remote ICU provided at Port Arthur's facilities. (*See* Docket Entry Nos. 1, 12-1). On January 22, 2026, a summons was issued. (Docket Entry No. 3). On January 27, 2026, Port Arthur was served via its registered agent with the summons and the complaint. (Docket Entry No. 6). Port Arthur was due under Rule 12(a)(1)(A) to respond to the plaintiff's complaint by February 17, 2026, but it did not do so. On February 19, 2026, Remote ICU requested an entry of default. (Docket Entry No. 8). On February 27, 2026, the clerk entered default. (Docket Entry No. 11). Port Arthur has not appeared to seek to set aside the default or to otherwise respond to the plaintiff's complaint. Remote ICU now moves for a default judgment. (Docket Entry No. 12).

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence showing that the defendant has been properly served with the summons, complaint, and the default judgment motion. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing

*Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. Tex. Local R. 5.5 (a default judgment motion "must be served on the defendant-respondent by certified mail (return receipt requested)."). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

Default judgment is not appropriate at this time. Remote ICU has not submitted evidence showing that Port Arthur has been properly served with the default judgment motion by certified mail as required by Local Rule 5.5. *See, e.g.*, *Harris Cnty. Water Control v. Philadelphia Indem. Ins. Co.*, No. CV H-19-1755, 2019 WL 5191129, at *2 (S.D. Tex. Oct. 15, 2019); *Thomas v. Bruss*, No. CV H-23-662, 2025 WL 3456581, at *14 (S.D. Tex. Dec. 2, 2025). The motion includes a tracking number in its certificate of service, (Docket Entry No. 12 at 3), and it does not appear that the motion has been delivered. The motion for default judgment is premature and denied without prejudice. Remote ICU may renew the motion when it can file on the docket proof of service of the default judgment motion.

SIGNED on March 3, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge