**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **REMOTE ICU, LLC** | § | |
| | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **CIVIL ACTION** |
| | § | **FILE NO: 4:26-CV-00432** |
| | § | |
| | § | |
| | § | |
| **HSA PORT ARTHUR, LLC** | § | |
| ***Defendant*** | § | |

<u>**DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDDMENT AND FOR LEAVE**</u>
<u>**TO LATE FILE ORIGINAL ANSWER**</u>

**COMES NOW, HSA PORT ARTHUR, LLC**, hereinafter referred to as the "Defendant,"
by and through the undersigned counsel, pursuant to Rule 60(b) of the Federal Rules of Civil
Procedure, and hereby respectfully moves this Court to set aside the default judgment entered
against Defendant and to grant Defendant leave to file a late Answer to Plaintiff's Complaint in
accordance with Fed. R. Civ. P. 60. In support of this Motion, Defendant
states as follows:

<u>**I. Introduction**</u>

1. Plaintiff filed a lawsuit against Defendant on January 20, 2026 and served Defendant with the
   Summons and Complaint on January 27, 2026.

2. Defendant's Answer was due on or before February 17, 2026, however, Defendant failed to
   file an Answer within the time required by the Federal Rules of Civil Procedure due to an
   inadvertent mistake. Defendant is part of a chain of healthcare facilities and its management
   of litigation is handled by Jonathan Burket, Chief Compliance Officer. Mr. Burkett has set up

a system for handling litigation but this matter slipped through the crack and a timely answer was not filed due to unintentional failure of Mr. Burket to note the deadline to file an Answer in this matter on his electronic calendar. Mr. Burket's affidavit is attached as Exhibit A.

3. On February 17, 2026, Plaintiff filed a Request for Entry of Default, and a Default was entered by the Clerk on February 27, 2026.

4. Plaintiff has now filed a Motion for Default Judgment (Dkt. 12).

5. Defendant now seeks relief from the default judgment and requests leave to file a late Answer to the Complaint, attached hereto as Exhibit B.

## II. Legal Standard

7. Under the Federal Rules of Civil Procedure 12, a defendant must serve an answer within 21 days after being served with the summons and complaint.

8. The Court may relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60.

9. According to Fed. R. Civ. P. 55, a Court may set aside an entry of default for good cause shown.

## III. Arguments

10. Defendant's failure to timely file an Answer was the result of inadvertent mistake and constitutes excusable neglect warranting relief under Fed. R. Civ. P. 60(b)(1).

11. Defendant's failure to respond was not willful or deliberate but rather resulted from inadvertence. Defendant's officer that is responsible for handling litigation for the chain of healthcare facilities unintentionally failed to calendar the deadline on his schedule.

12. Setting aside the default judgment will not prejudice Plaintiff, as Plaintiff will have the opportunity to litigate the merits of the case.

13. Defendant has a meritorious defense to Plaintiff's claims that should be heard on the merits.

14. Defendant has acted expeditiously to correct the default by filing this Motion promptly upon learning of the default judgment.

15. The interests of justice favor deciding cases on their merits rather than through default proceedings.

16. Granting this Motion will allow the parties to litigate the substantive issues in this case and will serve the interests of justice.

### IV. <u>Conclusion</u>

17. Defendant respectfully requests that this Court grant relief from the default judgment based on inadvertent mistake and excusable neglect.

18. Defendant further requests that the Court grant leave to file a late Answer to Plaintiff's Complaint.

**WHEREFORE**, Defendant respectfully requests that this Court:

A.   Set aside the default judgment entered against Defendant;

B.   Grant Defendant leave to file a late Answer to Plaintiff's Complaint;

C.   Establish a deadline for Defendant to file its Answer; and

D.   Grant such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

**M. ALI ZAKARIA & ASSOCIATES, P.C.**
__/s/_ **Ali Zakaria**_____
**M. Ali Zakaria**

**TBN: 22243410**
**6161 Savoy Drive, Suite 1000**
**Houston, Texas 77036**
**Tel: (713) 789-7500**
**Email: Ali@Zakarialaw.com**
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that all opposing counsel of record will receive an electronic copy of the foregoing document via e file and e service on this 19th day of March 2026.

_____/s/__Ali Zakaria_____
M. Ali Zakaria