IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REMOTE ICU LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-00432 |
| | § | |
| HSA PORT ARTHUR, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF REMOTE ICU LLC'S MOTION FOR SUMMARY JUDGMENT ON UNPAID INVOICES**

Plaintiff Remote ICU LLC ("Remote ICU") moves for summary judgment under Federal Rule of Civil Procedure 56 against Defendant HSA Port Arthur, LLC ("HSA Port Arthur") and respectfully shows the following:

## I. NATURE AND STAGE OF THE PROCEEDING

Remote ICU provides remote intensivist physician services to hospitals. On January 20, 2026, Remote ICU sued HSA Port Arthur for breach of contract and quantum meruit to recover payment for services provided to two of HSA Port Arthur's affiliated facilities: The Medical Center of Southeast Texas in Port Arthur, Texas ("MCSETX") and Glenwood Regional Medical Center in West Monroe, Louisiana ("Glenwood"). Dkt. 1 ¶¶ 1–2, 12. Remote ICU sought past-due amounts, "including amounts that become past due during the pendency of this case." *Id.* ¶ 4. HSA Port Arthur answered on March 19, 2026. Dkt. 16.

On March 30 and 31, 2026, the parties executed a Release and Settlement Agreement (the "Settlement Agreement"). Ex. B at 8–9. The Settlement Agreement resolved the invoices for services rendered through January 2026. *Id.* ¶ 5. It did not resolve the invoices for services that Remote ICU continued to provide from February 2026 forward. *Id.* The release in the Settlement

Agreement is "[s]ubject to and conditioned upon HSA Port Arthur's compliance with the terms of this Agreement," and the parties expressly reserved all rights arising out of its terms. *Id.* ¶ 8 & at 5. The parties then jointly moved to stay the case through July 31, 2026. Dkt. 17 (agreed motion to stay); Dkt. 18 (order granting stay).

Remote ICU has continued to provide services to both facilities, but HSA Port Arthur has not paid for all of them. Three invoices for July and August 2026 services, totaling $121,952.06, remain unpaid. The MCSETX July 2026 invoice was also paid late, and the late fees and interest that the Settlement Agreement imposes on late payments remain unpaid. Remote ICU moves for summary judgment on its breach-of-contract claim for the amounts that are now due for services rendered after the period the Settlement Agreement resolved, and for the contractual late fees and interest that Paragraph 6 of the Settlement Agreement imposes on those invoices.[1]

## II. ISSUE TO BE RULED UPON AND STANDARD OF REVIEW

The issue is whether the undisputed summary-judgment evidence establishes, as a matter of law, that HSA Port Arthur breached its contract with Remote ICU by failing to pay Invoice Nos. 210021, 220022, and 210022 and by failing to pay the contractual late fees and interest that accrue on its late and unpaid invoices and that HSA Port Arthur owes Remote ICU $121,952.06 in unpaid principal and $2,334.16 in contractual late fees and interest accrued through October 15, 2026, for a total of $124,286.22, plus interest accruing after that date, attorney's fees, and costs.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of identifying the portions of the record that demonstrate the absence of a genuine

[1] Remote ICU reserves the right to seek recovery of amounts that become due after the filing of this Motion through a subsequent motion for summary judgment or a separate action.

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material only if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the movant carries its burden, the nonmovant must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324. Conclusory allegations, unsubstantiated assertions, and a mere scintilla of evidence do not satisfy that burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## III. SUMMARY OF THE ARGUMENT

Remote ICU provides intensivist coverage to MCSETX and Glenwood under its Physician Services Agreement with HSA Port Arthur and invoices HSA Port Arthur each month for those services. Ex. A; Ex. C ¶ 4. HSA Port Arthur has not paid the Glenwood July 2026 invoice or either August 2026 invoice, and each is past due under the Services Agreement's requirement that HSA Port Arthur pay within 30 days of receipt. Ex. C ¶ 11; Ex. D. These invoices are for services rendered after January 2026, so the Settlement Agreement did not resolve them. Ex. B ¶ 5. HSA Port Arthur has itself taken the position that the Settlement Agreement "does not apply to" the invoices due August 1, 2026. Ex. E-1. That position cannot be reconciled with Paragraphs 5 and 6 of the Settlement Agreement, which require HSA Port Arthur to pay every invoice for services rendered from February 2026 forward within 30 days of issuance, with a late fee and interest on any late payment. Ex. B ¶¶ 5–6. HSA Port Arthur cannot dispute that Remote ICU provided the services, that Remote ICU invoiced HSA Port Arthur for them, and that the invoices remain unpaid. The MCSETX July 2026 invoice was also paid late, and HSA Port Arthur has paid no late fee or interest on any late payment. Ex. C ¶¶ 10, 14–15; Ex. G. Each element of breach of contract is established as a matter of law, the invoices and Paragraph 6 of the Settlement Agreement fix

Remote ICU's damages, and Chapter 38 of the Texas Civil Practice and Remedies Code and Paragraph 10 of the Settlement Agreement entitle Remote ICU to its attorney's fees.

## IV. SUMMARY-JUDGMENT EVIDENCE

Remote ICU relies on the following evidence, which is attached and incorporated by reference, and on the pleadings and papers on file in this case:

**Exhibit A**: Physician Services Agreement between HSA Port Arthur, LLC and Remote ICU LLC

**Exhibit B**: Release and Settlement Agreement, with its Exhibit A (Agreed Final Judgment), Exhibit B (Agreed Motion to Stay), and Exhibit C (Invoice Nos. 220016 and 210016)

**Exhibit C**: Declaration of Eliezer Magid, Chief Operating Officer of Remote ICU LLC

**Exhibit D**: Remote ICU Invoice Nos. 220021, 210021, 220022, 210022, the June 2026 invoices (Nos. 210020 and 220020), and the September 2026 invoices (Nos. 220023 and 210023)

**Exhibit E**: Correspondence regarding payment and invoice transmittals, as itemized below

E-1: Emails of August 4, 2026 among Brian Clark, Jonathan Burket, and Ali Zakaria regarding the invoices due August 1, 2026

E-2: Emails of August 10 and 11, 2026 among Mr. Clark, Mr. Zakaria, and Mr. Burket transmitting the invoices due August 1, 2026 and responding to them

E-3: Emails of August 14 through August 31, 2026 between Mr. Clark and Mr. Burket regarding payment of the June 2026 invoices and receipt of later invoices

E-4: Email of September 3, 2026 from Mr. Clark to Mr. Burket and Mr. Zakaria transmitting the July 2026 invoices

E-5: Email of September 14, 2026 from Mr. Clark to Mansoor Broachwala transmitting the July 2026 invoices

E-6: Emails of August 10, 2026 and September 2026 between Remote ICU and Glenwood accounts-payable personnel regarding the June, July, and August 2026 invoices

E-7: Emails of August 10 and 11, 2026 and September 2026 between Remote ICU and MCSETX accounts-payable personnel regarding the June, July, and August 2026 invoices

E-8: Emails of September 29, 2026 from Mr. Clark to Mr. Broachwala requesting payment of the July 2026 invoices and the related late fees and interest

E-9: Emails of October 1 and 2, 2026 between Mr. Clark and Mr. Broachwala requesting payment of the amounts then due

**Exhibit F**: Remote ICU Outstanding Balance and Late Fee Summary as of October 15, 2026

**Exhibit G**: Declaration of Brian W. Clark authenticating Exhibit E, Tabs E-1 through E-5, E-8, and E-9

## V. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. Remote ICU provides services to MCSETX and Glenwood and invoices HSA Port Arthur monthly.

Remote ICU and HSA Port Arthur are parties to a Physician Services Agreement (the "Services Agreement"). Ex. A at 1. Under the Services Agreement, Remote ICU provides nightly remote intensivist coverage for up to 34 ICU beds "located in two hospital facilities which shall be Glenwood Regional Medical Center and Medical Center of Southeast Texas." *Id.* at 9, § B.2; *see also id.* § 1.1 & at 8, § A.1. HSA Port Arthur agreed to pay Remote ICU a monthly fee of $70,833 for that coverage. *Id.* at 9, § B.1. The monthly fee increases each January 1, beginning January 1, 2026, by 1% plus the prior twelve-month increase in the U.S. Medical Care Services Consumer Price Index. *Id.* § B.3. HSA Port Arthur must pay each invoice "within thirty (30) days of receipt of invoice via an ACH or wire bank transfer." *Id.* § 4.1. Texas law governs the Services Agreement. *Id.* § 9. Remote ICU issues a separate monthly invoice for the services provided at each facility. Ex. C ¶ 4. Under the annual compensation increase, the 2026 monthly fee is $74,042.37, which reflects a 4.531% increase over the prior $70,833 monthly fee (1% plus a 3.531% rise in the medical care services index over the preceding twelve months), allocated $47,909.69 to Glenwood and $26,132.68 to MCSETX in proportion to the facilities' respective ICU beds, at the facilities' request. Ex. A at 9, § B.3; Ex. C ¶ 6.

**B. The Settlement Agreement resolved only the invoices for services rendered through January 2026, and it imposes a late fee and interest on later invoices that are not timely paid.**

In the Settlement Agreement, HSA Port Arthur agreed to pay $330,000 in four installments to resolve the invoices for services rendered through January 2026. Ex. B ¶¶ 1, 5. The parties treated invoices for services rendered from February 2026 forward separately, and HSA Port Arthur agreed to continue paying those invoices "no later than 30 days from the date such invoice is issued." *Id.* ¶ 5. The first of those invoices was divided between the two facilities: Invoice No. 220016 to MCSETX for $26,132.68 and Invoice No. 210016 to Glenwood for $47,909.69. *Id.* ¶ 5 & Ex. C. HSA Port Arthur further agreed that "any portion of a Separate Invoice that is not timely paid will incur interest at the rate of 18% per annum and a late fee equal to .5% of the unpaid balance of the invoice," and that this obligation "shall apply to all Separate Invoices in perpetuity." *Id.* ¶ 6. The parties also agreed that the Settlement Agreement is "specifically enforceable by court action or otherwise" and that a party who successfully enforces it through judicial proceedings may recover "all legal fees and expenses" from the non-prevailing party. *Id.* ¶ 10.

**C. HSA Port Arthur has not paid the Glenwood July 2026 invoice or either August 2026 invoice, and other invoices were paid late.**

On July 31, 2026, Remote ICU issued Invoice No. 220021 to MCSETX for $26,132.68 and Invoice No. 210021 to Glenwood for $47,909.69 for July 2026 services. Ex. D. On August 31, 2026, Remote ICU issued Invoice No. 220022 to MCSETX for $26,132.68 and Invoice No. 210022 to Glenwood for $47,909.69 for August 2026 services. *Id.*

When Remote ICU's counsel asked about invoices due August 1, 2026 (for June 2026 services), HSA Port Arthur's Chief Compliance Officer, Jonathan Burket, responded on August 4, 2026, that he had not been sent any invoices and that "[t]he settlement agreement does not apply to those invoices." Ex. E-1; Ex. B at 8–9. Remote ICU's counsel transmitted the invoices due

August 1, 2026 to Mr. Burket and HSA Port Arthur's counsel on August 10, 2026. Ex. E-2. Remote ICU separately reissued the June and July 2026 invoices to the accounts-payable contacts at Glenwood on August 10, 2026 and to the MCSETX accounts-payable clerk on August 11, 2026, who confirmed receipt of the invoices by email. Ex. C ¶¶ 7, 9; Ex. E-6, E-7. Remote ICU's counsel transmitted the July 2026 invoices to Mr. Burket and HSA Port Arthur's counsel on September 3, 2026 and again to HSA Port Arthur's counsel on September 14, 2026. Ex. C ¶ 9; Ex. E-4, E-5. On September 23, 2026, at the facilities' request, Remote ICU re-sent the July and August 2026 invoices for both facilities to the facilities' accounts-payable personnel. Ex. C ¶ 9; Ex. E-6, E-7.

Remote ICU received payment of the Glenwood June 2026 invoice on August 13, 2026, and payment of the MCSETX June 2026 invoice on August 31, 2026. Ex. C ¶ 10. HSA Port Arthur's affiliate wired payment of the MCSETX July 2026 invoice on September 28, 2026. Ex. C ¶ 10. HSA Port Arthur has not paid the Glenwood July 2026 invoice or either August 2026 invoice. Ex. C ¶ 11. Remote ICU demanded payment of the outstanding invoices on September 3, 2026 (the July 2026 invoices), September 24, 2026 (the July and August 2026 invoices, in correspondence with the facilities' accounts-payable personnel), September 29, 2026 (the Glenwood July 2026 invoice and the related late fees and interest), and October 1 and 2, 2026 (all amounts then due, including the August 2026 invoices), and HSA Port Arthur has not paid them. Ex. C ¶ 12; Ex. E-4, E-6, E-7, E-8, E-9.

To be conservative, and because HSA Port Arthur has asserted that it did not receive the June and July 2026 invoices as of their invoice dates, Remote ICU measures lateness in this Motion for those invoices from the dates on which it documented providing them to the facilities' accounts-payable contacts: August 10, 2026 for Glenwood and August 11, 2026 for MCSETX. Ex. C ¶¶ 7, 9, 13; Ex. E-6, E-7; Ex. G. Thirty days after those dates, the June and July 2026 invoices

were due on September 9, 2026 for Glenwood and September 10, 2026 for MCSETX. Ex. C ¶ 13; Ex. G. Remote ICU measures the August and September 2026 invoices from the first day of the second month after the services month, which falls on or after the 30th day after Remote ICU issued each invoice and therefore favors HSA Port Arthur. Ex. C ¶ 13; Ex. G. Measured by those dates, HSA Port Arthur paid both June 2026 invoices before their due dates, so Remote ICU does not seek late fees or interest on them, and paid the MCSETX July 2026 invoice 18 days late. Ex. C ¶¶ 10, 14; Ex. G. Remote ICU's earlier correspondence with the facilities' accounts-payable personnel calculated the July 2026 late fees from September 1, 2026, which is earlier than the dates this Motion uses. Ex. E-6, E-7. HSA Port Arthur has paid no late fee or interest on any late or unpaid invoice. Ex. C ¶ 15; Ex. G.

On September 30, 2026, Remote ICU issued the September 2026 invoices, one to MCSETX for $26,132.68 and one to Glenwood for $47,909.69, which together total $74,042.37. Ex. C ¶ 16; Ex. G. Remote ICU measures those invoices as due November 1, 2026. *Id.* They are not yet due, and this Motion does not seek judgment on them. Including them, HSA Port Arthur's total outstanding balance as of October 15, 2026, is $198,328.59, which consists of $121,952.06 in past-due principal, $2,334.16 in accrued late fees and interest, and $74,042.37 in September 2026 invoices that are not yet due. Ex. C ¶ 16; Ex. G.

### D. The amount due.

HSA Port Arthur owes the following unpaid invoices:

| Invoice | Services Month | Invoice Date | Amount Unpaid |
|---|---|---|---|
| Glenwood – No. 210021 | July 2026 | July 31, 2026 | $47,909.69 |
| MCSETX – No. 220022 | August 2026 | Aug. 31, 2026 | $26,132.68 |
| Glenwood – No. 210022 | August 2026 | Aug. 31, 2026 | $47,909.69 |
| **TOTAL** | | | **$121,952.06** |

Ex. C ¶ 11; Ex. D; Ex. G.

HSA Port Arthur also owes the following late fees and interest under Paragraph 6 of the Settlement Agreement, calculated as of October 15, 2026. The late fee is 0.5% of each invoice's unpaid balance, and interest accrues at 18% per annum, calculated as simple interest on a daily basis over a 365-day year, from the due date used until payment or, for unpaid invoices, through October 15, 2026:

| **Invoice** | **Amount** | **Due Date Used** | **Paid** | **Days Late** | **Late Fees and Interest (¶ 6)** |
|---|---|---|---|---|---|
| MCSETX – July 2026 (No. 220021) | $26,132.68 | Sept. 10, 2026 | Sept. 28, 2026 | 18 | $362.64 |
| Glenwood – July 2026 (No. 210021) | $47,909.69 | Sept. 9, 2026 | Unpaid | 36 | $1,090.11 |
| MCSETX – Aug. 2026 (No. 220022) | $26,132.68 | Oct. 1, 2026 | Unpaid | 14 | $311.09 |
| Glenwood – Aug. 2026 (No. 210022) | $47,909.69 | Oct. 1, 2026 | Unpaid | 14 | $570.32 |
| **TOTAL as of Oct. 15, 2026** | | | | | **$2,334.16** |

Ex. B ¶ 6; Ex. C ¶ 14; Ex. G. Interest continues to accrue on the unpaid principal of $121,952.06 at $60.14 per day after October 15, 2026. *Id.* HSA Port Arthur therefore owes $124,286.22 as of October 15, 2026, which consists of $121,952.06 in unpaid principal and $2,334.16 in late fees and interest. *Id.*

## VI. ARGUMENT AND AUTHORITIES

### A. The Settlement Agreement does not bar recovery of the unpaid invoices.

The Settlement Agreement resolved the invoices for services rendered through January 2026. Ex. B ¶ 5. The unpaid invoices are for July and August 2026 services. Ex. D. They fall outside the period the Settlement Agreement resolved, and the Settlement Agreement confirms that HSA Port Arthur remained obligated to pay invoices for services rendered from February 2026

forward. Ex. B ¶ 5. HSA Port Arthur's Chief Compliance Officer has likewise taken the position that the Settlement Agreement "does not apply to those invoices." Ex. E-1. Remote ICU's claim for the principal of these invoices therefore does not depend on enforcing the Settlement Agreement. It rests on Remote ICU's continued performance and HSA Port Arthur's failure to pay, and it falls within the relief requested in Remote ICU's live complaint, which seeks amounts "that become past due during the pendency of this case." Dkt. 1 ¶ 4. The Settlement Agreement's release does not bar the claim either. Remote ICU's release is "[s]ubject to and conditioned upon HSA Port Arthur's compliance with the terms of this Agreement," and those terms require timely payment of every Separate Invoice. Ex. B ¶¶ 3, 5, 8. HSA Port Arthur has not paid the Separate Invoices at issue. Ex. C ¶ 11. The condition on the release has therefore not been satisfied. The parties also expressly reserved all rights arising out of the Settlement Agreement's terms. Ex. B at 5. Remote ICU's claim for late fees and interest, by contrast, rests on the Settlement Agreement, which the parties agreed is "specifically enforceable by court action or otherwise." *Id.* ¶ 10. Paragraph 6 imposes interest and a late fee on any Separate Invoice that is not timely paid, and it applies "to all Separate Invoices in perpetuity." *Id.* ¶ 6. Mr. Burket's assertion that the Settlement Agreement "does not apply to" the invoices due August 1, 2026, which were for services rendered after January 2026, cannot be reconciled with Paragraph 5, which defines Separate Invoices as invoices "for services rendered for February 2026 forward." *Id.* ¶ 5. Remote ICU therefore does not ask the Court to enter the agreed judgment, but it does ask the Court to enforce Paragraphs 5, 6, and 10 as to the invoices at issue. The Settlement Agreement permits disclosure of its terms "in an action to enforce this Agreement," so this filing is consistent with its confidentiality provision. *Id.* ¶ 18.

### B. Each element of breach of contract is established as a matter of law.

The Services Agreement is governed by Texas law. Ex. A § 9. To prevail on a breach-of-contract claim under Texas law, a plaintiff must establish (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach by the defendant, and (4) damages sustained as a result of the breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

#### 1. A valid contract exists.

The Services Agreement is a written contract between Remote ICU and HSA Port Arthur, signed by representatives of both parties who warranted their authority to bind them. Ex. A at 1, 7, § 18. It obligates HSA Port Arthur to compensate Remote ICU for intensivist coverage at both Glenwood and MCSETX. *Id.* § 4.1 & at 9, §§ B.1–B.2. HSA Port Arthur has also acknowledged in writing its obligation to pay for Remote ICU's services at both facilities. In the Settlement Agreement, HSA Port Arthur agreed to pay the invoices for services rendered from February 2026 forward and identified the first of those invoices as the MCSETX and Glenwood invoices for February 2026. Ex. B ¶ 5 & Ex. C. Remote ICU has also received payment of invoices for both facilities for later months, including the June 2026 invoices for both facilities and the MCSETX July 2026 invoice. Ex. C ¶¶ 10, 17.

#### 2. Remote ICU performed.

Remote ICU continued to provide intensivist coverage to both facilities and invoiced HSA Port Arthur for those services each month. Ex. C ¶ 4; Ex. D. When HSA Port Arthur stated that it had not received invoices, Remote ICU sent them again, both directly and through counsel. Ex. C ¶ 9; Ex. E-2, E-4, E-5, E-6, E-7.

### 3. HSA Port Arthur breached.

HSA Port Arthur was required to pay each invoice within 30 days of receipt. Ex. A § 4.1. HSA Port Arthur has not paid the Glenwood July 2026 invoice, which issued on July 31, 2026, which Remote ICU reissued to Glenwood's accounts-payable contacts on August 10, 2026 and which Remote ICU's counsel transmitted to Mr. Burket and HSA Port Arthur's counsel on September 3, 2026. Ex. C ¶¶ 9, 11; Ex. D; Ex. E-4. HSA Port Arthur has not paid either August 2026 invoice, which issued on August 31, 2026. Ex. C ¶ 11; Ex. D. HSA Port Arthur received the July 2026 invoices no later than September 3, 2026, and the August 2026 invoices no later than September 23, 2026. Ex. C ¶ 9; Ex. E-4, E-6, E-7. Payment of the Glenwood July 2026 invoice was therefore due no later than October 3, 2026, and payment of the August 2026 invoices was due no later than October 23, 2026. Ex. A § 4.1. Each failure to pay is a breach. Independently, Paragraph 5 of the Settlement Agreement required HSA Port Arthur to pay each invoice for services rendered after January 2026 "no later than 30 days from the date such invoice is issued." Ex. B ¶ 5. Measured from issuance, and treating August 10 and 11, 2026 as the issue dates of the July 2026 invoices, payment of the Glenwood July 2026 invoice was due September 9, 2026, and payment of the MCSETX July 2026 invoice was due September 10, 2026. Using the first day of the second month after the services month, payment of the August 2026 invoices was due October 1, 2026. Ex. C ¶ 13; Ex. G. The MCSETX July 2026 invoice was paid on September 28, 2026, and the Glenwood July 2026 invoice and both August 2026 invoices remain unpaid. Ex. C ¶¶ 10–11. Each late or missed payment breached Paragraph 5.

### 4. Remote ICU has been damaged in a liquidated amount.

The invoices fix Remote ICU's damages. Each invoice reflects the monthly fee set by the Services Agreement, as adjusted by its annual compensation increase. Ex. A at 9, §§ B.1, B.3; Ex.

C ¶ 6. HSA Port Arthur owes $121,952.06 in unpaid principal and $2,334.16 in late fees and interest accrued through October 15, 2026, for a total of $124,286.22. Ex. C ¶¶ 11, 14; Ex. D; Ex. G. Paragraph 6 of the Settlement Agreement fixes the late fees and interest, and interest continues to accrue on the unpaid principal at $60.14 per day after October 15, 2026. Ex. B ¶ 6; Ex. G. Remote ICU is also entitled to post-judgment interest under 28 U.S.C. § 1961.

**C. HSA Port Arthur's anticipated defenses do not raise a genuine fact issue.**

*HSA Port Arthur is responsible for the Glenwood invoices.* Two of the three unpaid invoices are Glenwood invoices. The Services Agreement makes HSA Port Arthur responsible for that payment. HSA Port Arthur is the only contracting party other than Remote ICU, and the single monthly fee it agreed to pay covers ICU beds at both Glenwood and MCSETX. Ex. A at 1, 9, §§ B.1–B.2. HSA Port Arthur also designated Glenwood's address as its own address for notice under the Services Agreement. *Id.* § 15. HSA Port Arthur has also treated the Glenwood invoices as its own obligation. It identified the February 2026 Glenwood invoice as one of the invoices it agreed to pay in the Settlement Agreement. Ex. B ¶ 5 & Ex. C. Paragraph 5 obligates HSA Port Arthur to pay "all invoices" due to Remote ICU for services rendered from February 2026 forward, and it contains no exception for the Glenwood invoices. Ex. B ¶ 5.

*Alleged nonreceipt does not excuse nonpayment.* HSA Port Arthur has claimed that it did not receive certain invoices. Ex. E-1, E-2, E-3. Remote ICU reissued the June and July 2026 invoices to the facilities' accounts-payable contacts on August 10 and 11, 2026, more than 60 days ago, and the MCSETX accounts-payable clerk confirmed receipt by email. Ex. C ¶ 9; Ex. E-6, E-7. Remote ICU's counsel then sent the July 2026 invoices to Mr. Burket and HSA Port Arthur's counsel on September 3, 2026, and the Glenwood July 2026 invoice remains unpaid. Ex. C ¶ 9; Ex. E-4. Remote ICU also sent the July and August 2026 invoices to both facilities' accounts-

payable personnel on September 23, 2026. Ex. E-6, E-7. HSA Port Arthur has had the invoices and has not paid them.

### D. Remote ICU is entitled to its attorney's fees and expenses.

Texas law permits recovery of reasonable attorney's fees from an organization, including a limited liability company, on a claim for rendered services or an oral or written contract. Tex. Civ. Prac. & Rem. Code § 38.001(a), (b)(1), (8). The Settlement Agreement independently provides that a party who successfully enforces it through judicial proceedings shall recover "all legal fees and expenses" from the non-prevailing party. Ex. B ¶ 10. Remote ICU presented its claim to HSA Port Arthur on September 3, 2026 as to the July 2026 invoices, on September 24, 2026 as to the July and August 2026 invoices and the related late fees and interest, and again through counsel on September 29, October 1, and October 2, 2026, and HSA Port Arthur did not tender the amount owed within 30 days. *See id.* § 38.002; Ex. C ¶ 12; Ex. E-4, E-6, E-7, E-8, E-9. Remote ICU requests that the Court award its attorney's fees and expenses and permit Remote ICU to submit evidence of those fees under Federal Rule of Civil Procedure 54(d)(2) within 14 days after entry of judgment.

## VII. CONCLUSION AND PRAYER

Remote ICU LLC respectfully requests that the Court grant this Motion and enter final judgment against HSA Port Arthur, LLC awarding Remote ICU (1) $121,952.06 in unpaid principal for Invoice Nos. 210021, 220022, and 210022, (2) $2,334.16 in contractual late fees and interest accrued through October 15, 2026 under Paragraph 6 of the Settlement Agreement, (3) contractual interest at 18% per annum on the unpaid principal accruing after October 15, 2026 until the date of judgment or, alternatively, prejudgment interest as permitted by Texas law, (4) reasonable attorney's fees and expenses, (5) costs of court, and (6) post-judgment interest at the

rate provided by 28 U.S.C. § 1961. Remote ICU further requests all other relief to which it may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: /s/ *Brian W. Clark*
**Brian W. Clark**
Attorney-in-Charge
Texas State Bar No. 24032075
S.D. Tex. Bar No. 558245
bclark@krcl.com
**Morgan Jones Feighner**
Texas State Bar No. 24132301
S.D. Tex. Bar No. 3835995
mfeighner@krcl.com
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200

**ATTORNEYS FOR PLAINTIFF REMOTE ICU LLC**

## CERTIFICATE OF SERVICE

I certify that on October 16, 2026 a true and correct copy of this document was served on all counsel of record through the Court's CM/ECF system.

/s/ *Brian W. Clark*
Brian W. Clark