UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REMOTE ICU, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>HSA PORT ARTHUR, LLC,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action 4:26-cv-00432 |

**RELEASE AND SETTLEMENT AGREEMENT**

THIS AGREEMENT ("Agreement") is entered into by and between **REMOTE ICU, LLC** ("Remote ICU") and **HSA PORT ARTHUR, LLC** ("HSA Port Arthur"). For the purposes of this Agreement, Remote ICU and HSA Port Arthur will be referred to collectively as the "Parties."

**RECITALS:**

WHEREAS, Remote ICU and HSA Port Arthur are parties to the above referenced lawsuit ("Lawsuit") regarding HSA Port Arthur's failure to pay for ICU staffing serviced rendered by Remote ICU (the "Dispute");

WHEREAS, the Parties desire to end and settle all disputes relating to the Lawsuit by compromise to avoid further litigation;

WHEREAS, by reason of the Parties' desire to compromise and settle all claims and causes of action of any kind whatsoever that the Parties have or may have in the future against each other relating in any way to the Dispute, the Parties desire to enter into this Agreement; and

WHEREAS, the Parties understand that this Agreement is not in any way an admission of any wrongdoing on the part of any of the Parties;

NOW, THEREFORE, in consideration of the mutual promises and agreements herein contained, including the recitals set forth above, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. Remote ICU has agreed to accept, and HSA Port Arthur has agreed to pay, the total sum of Three Hundred and Thirty Thousand and 00/100 Dollars ($330,000.00) (the "Settlement Payment") in four equal monthly payments of $82,500, with first installment being due on or before April 15, 2026, with subsequent payments being due on May 15, 2026, June 15, 2026, and July 15, 2026 (each a "Settlement Installment Payment"). Such Settlement Installment Payments will be paid via wire to the following account:

Beneficiary Bank: Flagstar Bank
Beneficiary Bank ABA #: 026013576
Beneficiary Account Number: 1505054594
Beneficiary Account Name: Remote ICU LLC

2. The Settlement Payment shall be secured by an Agreed Final Judgment ("Agreed Final Judgment") in the form attached hereto as **Exhibit A**. HSA Port Arthur's counsel shall execute the Agreed Final Judgment and deliver it to counsel for Remote ICU as part of and as a condition precedent to the effectiveness of this Agreement. Counsel for Remote ICU will hold the executed Agreed Final Judgment in escrow and not file the same with Court, subject to the terms of this Agreement. The Parties shall also file a Agreed Motion for Stay, attached as **Exhibit B**, seeking an abatement or stay of this matter till at least July 15, 2026 to allow Parties to complete the terms of this Agreement.

3. If HSA Port Arthur fully complies with the terms of this Agreement through July 15, 2026, including but not limited to timely making all Settlement Installment Payments and timely paying all Separate Invoices (as defined below), then Remote ICU will file a notice of dismissal of the Lawsuit

with prejudice no later than ten days after the final Settlement Installment Payment is made by HSA Port Arthur .

4. However, if HSA Port Arthur fails to comply with the terms of this Agreement through July 15, 2026, then, subject to the notice and cure provision in Paragraph 7 below, Remote ICU's counsel shall be permitted to submit the Agreed Final Judgment to the Court for entry, with credit given against the Agreed Final Judgment amount for any payments actually made toward the Settlement Payment. In that event, HSA Port Arthur agrees that it will not, directly or indirectly, oppose or otherwise interfere with the entry of the Agreed Final Judgment. If HSA Port Arthur violates the terms of the prior sentence, it agrees that it will be liable for all attorneys' fees incurred by Remote ICU as a result thereof, which fees shall be added to the balance of the Agreed Final Judgment. Upon entry of the Agreed Final Judgment, Remote ICU will then be permitted to take any and all effort permitted by law to collect on the Agreed Final Judgment.

5. HSA Port Arthur further agrees that it will pay all invoices- due to Remote ICU for services rendered by the same- not covered by the Settlement Payment ("<u>Separate Invoices</u>") on a timely basis, which is no later than 30 days from the date such invoice is issued. For the avoidance of doubt, the Settlement Payment covers invoices for services rendered to HSA Port Arthur up to and through January 2026. Separate Invoices are for services rendered for February 2026 forward, which are not covered by the Settlement Payment, and must be paid on a timely basis, beginning with Invoice # 220016, which is divided between two facilities and attached hereto as **<u>Exhibit C</u>**. Invoice # 220016 must be timely paid on or before April 1, 2026, and <u>any failure to timely pay this invoice is not subject to the notice and cure provision in Paragraph 7 below</u>.

6. HSA Port Arthur further agrees that any portion of a Separate Invoice that is not timely paid will incur interest at the rate of 18% per annum and a late fee equal to .5% of the unpaid

balance of the invoice. For the avoidance of doubt, HSA Port Arthur agrees that this paragraph shall apply to all Separate Invoices in perpetuity and not end on July 15, 2026, or otherwise.

7. If HSA Port Arthur fails to timely make any Settlement Installment Payment or pay any Separate Invoice, then it shall have five (5) business days to cure such failure after receiving written notice from Remote ICU, which notice may be sent via email to Jonthan Burket at jburket@hsahospitals.com, with a courtesy copy to HSA Port Arthur's counsel, Ali Zakaria at Ali@Zakarialaw.com. If HSA Port Arthur timely cures such failure, then it shall not constitute an event of default under this Agreement. However, if HSA Port Arthur fails to timely cure such failure, then it will constitute an event of default under Paragraph 4 of this Agreement and shall entitle Remote ICU to exercise all rights permitted by this Agreement and applicable law.

8. Subject to and conditioned upon HSA Port Arthur's compliance with the terms of this Agreement, Remote ICU, for itself and its heirs, employees, agents, predecessors, successors, assigns, and affiliated and associated entities, does hereby fully release, compromise, settle, quit claim, give up, and forever discharge HSA Port Arthur and its heirs, agents, servants, employees, representatives, attorneys, parents, shareholders, assigns, predecessors, successors, and affiliated and associated entities and insurers from any and all obligations, agreements, accounts, controversies, claims, demands, harm, damages, injuries, actions, causes of action, suits, or liabilities of any kind or character, that they had in the past or may have now or in the future arising directly or indirectly out of the subject of the Lawsuit.

9. HSA Port Arthur, for itself and its heirs, employees, agents, predecessors, successors, assigns, and affiliated and associated entities, does hereby fully release, compromise, settle, quit claim, give up, and forever discharge Remote ICU and its heirs, agents, servants, employees, representatives, attorneys, parents, shareholders, assigns, predecessors, successors, and affiliated and associated entities and insurers from any and all obligations, agreements, accounts, controversies, claims, demands, harm,

damages, injuries, actions, causes of action, suits, or liabilities of any kind or character, that they had in the past or may have now or in the future arising directly or indirectly out of the subject of the Lawsuit.

IT IS UNDERSTOOD AND AGREED BY THE PARTIES THAT ANY RIGHTS ARISING OUT OF THE TERMS OF THIS AGREEMENT ARE SPECIFICALLY RESERVED AND NOT RELEASED BY THE PARTIES HERETO.

10. The Parties covenant and agree that this Agreement and the terms hereof are specifically enforceable by court action or otherwise. In the event that any party hereto finds it necessary to enforce this Agreement against any other party hereto by way of judicial proceedings, including declaratory judgment, and that party is successful in obtaining a judicial enforcement or declaration, the non-prevailing party shall bear all legal fees and expenses incurred by the enforcing party to such action. If any party hereto in any manner directly or indirectly contests, challenges, or attacks this Agreement or any of its provisions in any legal or equitable judicial proceeding, that party, in the event that party does not prevail in such judicial proceeding, shall bear all legal fees and expenses incurred by the other party to such action.

11. It is expressly agreed and understood by the Parties that the consideration given in connection with this Agreement is given in compromise of a disputed claim and/or claims and does not constitute an admission by any party herein.

12. It is expressly understood and agreed that this Agreement may be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes. This Agreement may be executed by faxed and/or emailed signatures.

13. It is expressly agreed and understood that this Agreement will continue perpetually and will be binding on each party and its heirs, successors and assigns and will inure to the benefit of the Parties hereto and their respective heirs, successors, and assigns.

14. This Agreement is intended by the Parties as a final and mutual expression of their agreement and understanding with respect to its subject matter. The terms of this Agreement are contractual, and may not be changed, modified, altered, interlineated, or supplemented, nor may any covenant, representation, warranty, or other provisions hereof be waived, except by agreement in writing signed by the party against whom enforcement of the change, modification, alteration, interlineation, or supplementation is sought. Nor may any covenant, representations, warranty, or other provision hereof be waived, except by agreement in writing signed by the party against whom enforcement of the waiver is sought. This Agreement replaces and supersedes any prior agreements or understandings, whether written or oral. Because the Parties are represented by counsel in negotiating this Agreement, because the Parties through this Agreement are specifically resolving an existing dispute, and because the Parties intend for this Agreement to be the only document that any of the Parties look to for any representations or promises relating to the subject matter of the Lawsuit and/or this Agreement, THE PARTIES HEREBY SPECIFICALLY DISCLAIM RELIANCE ON ANY STATEMENTS, REPRESENTATIONS, OR PROMISES MADE BY ANY OF THE PARTIES PRIOR TO THE EXECUTION OF THIS AGREEMENT.

15. Should any term or provision of this Agreement be declared invalid by a court of competent jurisdiction, the Parties agree that all other terms of this Agreement are binding and have full force and effect as if the invalid portion has not been included.

16. The Parties represent, warrant, and covenant that each has the authority or corporate power to enter into the transactions contemplated herein and bind the Parties as set forth herein. Each person executing this Agreement represents and warrants that he or she is fully authorized to bind the party for which he or she is acting and/or signing.

17. Each party to this Agreement has had the benefit of counsel of its own choice and has been afforded an opportunity to review this Agreement with its chosen counsel. The Parties further

acknowledge and represent that they have carefully read this Agreement, understand it, and have executed it voluntarily and on their own best judgment. This Agreement was drafted jointly by all the Parties.

18. The Parties agree that the terms of this Agreement and amounts paid shall be kept confidential and shall not be disclosed to any third-party, except as may be required by legal process. Notwithstanding the above, the Parties may disclose the terms of this Agreement in an action to enforce this Agreement and may also disclose the amount of benefits to be received to financial advisors, accountants or similar persons who need to know for purposes of financial, investment or tax advice. Any such disclosure shall be accompanied by and made subject to express instructions to the person receiving the information that the disclosure is absolutely confidential and may not be communicated further

19. It is expressly understood and agreed that the Parties and their attorneys will execute all documentation necessary to make effective and binding the terms of this Agreement and transfer the consideration made the basis of this Agreement.

20. This Agreement shall be interpreted in accordance with the laws of the State of Texas and venue for any action in a Court of law or equity respecting any aspect of this Agreement will be exclusively in Harris County, Texas.

– SIGNATURES ON FOLLOWING PAGE –

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates listed below.

REMOTE ICU, LLC

By: [signature]
Name: AVI GOLDSTEIN
Its: Chairman
Date: March 30, 2026

HSA PORT ARTHUR, LLC

By: ______________________
Name: Jonathan Burket,
Its: Chief Compliance Officer

Date: ______________________

IN WITNESS WHEREOF, the parties have executed this Agreement on the dates listed below.

REMOTE ICU, LLC

By: ______________________
Name: ______________________
Its: ______________________

Date: ______________________

HSA PORT ARTHUR, LLC

By: [signature]
Name: Jonathan Burket,
Its: Chief Compliance Officer

Date: 3-31-2026

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REMOTE ICU, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action 4:26-cv-00432 |
| | § | |
| HSA PORT ARTHUR, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**AGREED FINAL JUDGMENT**

On this day came Plaintiff REMOTE ICU, LLC ("Plaintiff") and Defendant HSA PORT ARTHUR, LLC ("Defendant"), and announced to the Court that the parties have agreed to the entry of an Agreed Final Judgment. Defendant specifically admits that this Court has jurisdiction over it and that venue of this lawsuit is proper in the Southern District of Texas. Further, Defendant hereby agrees to this judgment against Defendant for all amounts provided for in this Agreed Final Judgment. It is therefore,

ORDERED, ADJUDGED AND DECREED that Plaintiff has judgment against Defendant for the principal amount of $330,000, less Settlement Installment Payments of $_________ made by Defendant under the terms of the parties' settlement agreement for a total judgment amount of $_______________; and it is further

ORDERED, ADJUDGED AND DECREED that this judgment shall bear interest at the rate of 18% per annum, compounded annually, until paid; and it is further

ORDERED, ADJUDGED AND DECREED that this judgment is final, disposes of all claims and all parties; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

IT IS SO ORDERED.

SIGNED this ___ day of __________, 2026.

______________________________________
U.S. DISTRICT COURT JUDGE

**AGREED AS TO FORM, CONTENT AND FOR ENTRY:**

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Brian W. Clark*
Brian W. Clark
State Bar No. 24032075
bclark@krcl.com
901 Main Street
Suite 5200
Dallas, Texas 75202
(214) 777-4200 Phone
(214) 777-4299 Facsimile

**ATTORNEYS FOR PLAINTIFF**

**M. ALI ZAKARIA & ASSOCIATES, P.C.**

By: */s/M. Ali Zakaria*
M. Ali Zakaria
State Bar No. 22243410
ali@zakarialaw.com
6161 Savoy Drive, Suite 1000
Houston, Texas 77036
(713) 789-7500 Phone

**ATTORNEYS FOR DEFENDANT**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REMOTE ICU, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action 4:26-cv-00432 |
| | § | |
| HSA PORT ARTHUR, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**AGREED MOTION TO STAY**

Plaintiff Remote ICU, LLC ("Plaintiff") and Defendant HSA Port Arthur, LLC ("Defendant") (collectively the "Parties") file this Agreed Motion to Stay as follows.

1. Plaintiff filed its Original Petition on January 20, 2026 [Dkt. 1].

2. On March 19, 2026, Defendant filed its Original Answer [Dkt. 16].

3. The Parties are finalizing the details of a settlement agreement and request that all pending docket control deadlines be held in abeyance, including Rule 16 conference currently scheduled for April 7, 2026 at 11:00 a.m., until Friday, July 31, 2026, and that the case be set for a status conference in mid-August 2026 in the event the parties have not filed a dismissal of the case by agreement by such date. The Parties agree to the limited stay sought herein.

4. This stay is not sought for the purpose of delay, but so that the Parties can finalize and effectuate a settlement.

**PRAYER**

For the foregoing reasons, Plaintiff and Defendant respectfully request a stay of this case through Friday, July 31, 2026 and that the Court set a status conference in mid-August 2026.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By: */s/ Brian W. Clark*
Brian W. Clark
Attorney-in-Charge
Texas State Bar No. 24032075
S.D. Tex. Bar No. 558245
bclark@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.777.4200
Telecopy: 214.777.4299

***Attorneys for Plaintiff***

**AGREED AS TO FORM, CONTENT AND FOR ENTRY:**

**M. ALI ZAKARIA & ASSOCIATES, P.C.**

By: */s/M. Ali Zakaria*
M. Ali Zakaria
State Bar No. 22243410
ali@zakarialaw.com
6161 Savoy Drive, Suite 1000
Houston, Texas 77036
(713) 789-7500 Phone

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of March 2026, a true and correct copy of the foregoing was served on all counsel of record.

*/s/ Brian W. Clark*
Brian W. Clar

# Remote ICU LLC

## INVOICE

Fed Tax ID: 36-5021011

Remote ICU
1207 Delaware Ave, Suite 515
Wilmington, DE 19806

Beneficiary Bank Flagstar Bank (previously known as Signature Bank)
Beneficiary Bank ABA # 026013576
Beneficiary Account Number 1505054594
Beneficiary Account Name Remote ICU LLC

To:
HSA Port Arthur, LLC, dba Medical Center of Southeast Texas
2555 Jimmy Johnson Blvd.
Port Arthur, TX 77640

**Invoice #:** 220016
**Invoice Date:** 03/01/2026
**For Services Provided In:** Feb-2026

**PAY THIS AMOUNT DUE:**

**$26,132.68**

**The above amount due must be paid by ACH or WIRE ONLY.**

| Description | Amount |
|---|---|
| Monthly Intensivist Coverage Services | 26132.68 |
| | **$26,132.68** |

| | |
|---|---|
| **TOTAL TO BE PAID:** | **$26,132.68** |

# Remote ICU

## INVOICE

Fed Tax ID: 36-5021011

Remote ICU
1207 Delaware Ave, Suite 515
Wilmington, DE 19806

Beneficiary Bank Flagstar Bank (previously known as Signature Bank)
Beneficiary Bank ABA # 026013576
Beneficiary Account Number 1505054594
Beneficiary Account Name Remote ICU LLC

To:
Glenwood Regional Medical Center
503 McMillan Road
West Monroe, LA 71291

**Invoice #:** 210016
**Invoice Date:** 03/01/2026
**For Services Provided In:** Feb-2026

**PAY THIS AMOUNT DUE:**

**$47,909.69**

**The above amount due must be paid by ACH or WIRE ONLY.**

| Description | Amount |
|---|---|
| Monthly Intensivist Coverage Services | 47909.69 |
| | **$47,909.69** |

| | |
|---|---|
| **TOTAL TO BE PAID:** | **$47,909.69** |